PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TERESA McCURDY, | ) | CASE NO. 4:12CV00550 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| HANOVER FIRE & CASUALTY INSURANCE COMPANY, | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

Defendant Hanover Fire & Casualty Insurance Company removed this case to federal court under dual theories of jurisdiction: 28 U.S.C. § 1441(a), which allows removal of civil actions "of which the district courts of the United States have original jurisdiction" and diversity of citizenship pursuant to 28 U.S.C. § 1332. ECF No. 1. Because this case presents no federal question, removal depends entirely on diversity jurisdiction. *See* ECF No. 1-1. In its notice of removal, Defendant specifies that it is incorporated in the Commonwealth of Pennsylvania with its principal place of business located in the Commonwealth of Pennsylvania, and Plaintiff Teresa McCurdy ("Plaintiff") is a resident of the State of Ohio. ECF No. 1 at 1.

Effective January 6, 2012, the Federal Courts Jurisdiction and Venue Clarification Act of 2011 amends 28 U.S.C. 1332(c)(1) to prevent direct actions (*i.e.*, the plaintiff directly and solely suing the insurance company) from "qualifying for diversity jurisdiction by deeming the insurance company to be a citizen of the state of which the insured is a citizen, as well as of every state by which the insurer has been incorporated and of the state where it has its principal place of business." *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, H.R.

(4:12CV00550)

394, 112th Cong. § 102 (2011); *see also* 28 U.S.C. 1332(c)(1)(a)-(c).

For the reasons outlined above, the Court's subject matter jurisdiction may be in jeopardy. Although the parties did not raise the issue, the Court has "an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

To assist the Court in resolving the question of whether diversity jurisdiction exists, by 4:00 p.m. on March 15, 2012, counsel shall jointly submit a statement reaffirming the grounds for diversity jurisdiction <u>or</u> showing cause why the matter should not be remanded for lack of jurisdiction.

IT IS SO ORDERED.

| | |
|---|---|
| March 8, 2012 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

2